UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| THOMAS W. CRUMP, | ) | |
| | ) | |
| Petitioner, | ) | 2:07-cv-0492-PMP-PAL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| E.K. McDANIEL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | / | |

In this capital habeas corpus action, on April 28, 2008, the petitioner filed a motion for stay and abeyance (docket #37), requesting that the case be stayed so that he may exhaust his state-court remedies with respect to his unexhausted claims, without suffering a statute of limitations bar. On May 23, 2008, respondents filed an opposition to the motion for stay and abeyance (docket #42). Petitioner replied on June 12, 2008 (docket #44).

On December 28, 2007, the court entered an order (docket #18) granting a motion by petitioner for leave to conduct discovery. Pursuant to that order, petitioner served a subpoena on Pfizer, Inc., seeking records regarding pharmaceutical testing to which petitioner was subjected in a Michigan prison between 1968 and 1973. On April 28, 2008, the court entered a protective order relative to that discovery (docket #39), and extended the deadline for completion of the discovery (docket #38). Subsequently, upon motions by

petitioner, the court further extended the deadline for completion of the discovery, ultimately to October 2, 2008 (docket #51).  The deadline for completion of the discovery has now passed.

The court will grant petitioner's motion for stay and abeyance, and will stay this action so that petitioner may exhaust, in state court, his unexhausted claims.

This habeas corpus action is brought pursuant to 28 U.S.C. § 2254, by Thomas Wayne Crump, a Nevada prisoner sentenced to death.  Petitioner's conviction and death sentence result from the strangulation murder of a woman in a Las Vegas motel in 1980.  Petitioner admitted to the killing.  The issues primarily contested at trial were whether the murder was in the first or second degree, and then, in the penalty phase of the trial, whether petitioner should be sentenced to death.  The judgment of conviction – convicting petitioner of first degree murder and sentencing him to death – was entered in 1984.

Petitioner appealed to the Nevada Supreme Court, and that court affirmed on April 9, 1986.  *Crump v. State*, 102 Nev. 158, 716 P.2d 1387 (1986).

Then, between 1986 and 2007, petitioner pursued post-conviction relief in state court. Ultimately, that litigation was unsuccessful, and the Nevada Supreme Court affirmed the denial of petitioner's state-court habeas petition.

This court received petitioner's *pro se* habeas corpus petition (docket #3), initiating this action, on April 12, 2007.  The court appointed counsel for petitioner (docket #5, #7).

On February 29, 2008, petitioner filed his amended petition for writ of habeas corpus (docket #77).  Respondents' response to the amended petition is currently due December 5, 2008 (*see* docket #51).

As is described above, the court granted petitioner leave to conduct certain discovery, and that discovery has apparently been completed.

On April 28, 2008, petitioner filed the motion for stay and abeyance under consideration here (docket #37).  Respondents filed an opposition (docket #42), and petitioner replied (docket #44).

1   Petitioner points out, in his motion for stay and abeyance, that his amended habeas
2 petition states that several of his claims for relief have not been exhausted in state court. Motion for
3 Stay and Abeyance (docket #37), p. 3; *see also* Amended Petition (docket #30), p. 2. Respondents
4 do not contest petitioner's assertion that certain of his claims are unexhausted in state court.
5   A federal court may not grant habeas corpus relief on a claim not exhausted in state
6 court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity,
7 and is intended to allow state courts the initial opportunity to correct constitutional deprivations.
8 *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present
9 the claim to the highest state court, and must give that court the opportunity to address and resolve
10 it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S.
11 1, 10 (1992).
12   Petitioner argues -- correctly -- that, if he is to pursue further state-court litigation
13 before proceeding with this case, a stay is necessary, because of the effect of the statute of
14 limitations. *See* 28 U.S.C. § 2244(d); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (pendency of
15 federal habeas petition does not result in statutory tolling of limitations period). If this case were
16 simply dismissed at this point, the statute of limitations would likely bar petitioner from filing a new
17 federal habeas petition.
18   In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court
19 circumscribed the discretion of the federal district courts to impose stays to facilitate habeas
20 petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

1          * * *

2,3,4,5
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

6 *Rhines*, 544 U.S. at 277-78.

Respondents contend that the showing of good cause for the petitioner's failure to exhaust his claims first in state court "should be the same as the standard for equitable tolling." Opposition to Motion for Stay and Abeyance (docket #42), p. 3. Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (*quoting Calderon v. United Stated Dist. Court* (*Beeler*), 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998) (*en banc*)) (emphasis in original). "Indeed, 'the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000)).

The Ninth Circuit Court of Appeals has (in a case not acknowledged by respondents in their opposition to the motion for stay and abeyance) explicitly rejected respondents' position, holding that "good cause" under *Rhines* is less stringent than the "extraordinary- circumstances" standard for equitable tolling. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005); *see also Riner v. Crawford,* 415 F.Supp.2d 1207, 1211 (D.Nev. 2006) ("Good cause standard ... requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.").

4

In this case, in asserting that he meets the *Rhines* standard for stay and abeyance of this action, petitioner focuses on three of his unexhausted claims.

First, petitioner points to his apparently-unexhausted claim, in ground 1 of his amended petition, that he is mentally retarded and entitled to habeas corpus relief under *Atkins v. Virginia*, 536 U.S. 304 (2002). Motion for Stay and Abeyance, pp. 5-6. Petitioner points to exhibits filed with his amended petition supporting his contention that he is mentally retarded. *Id*. Petitioner argues that the performance of his prior counsel was deficient in that they undertook little or no investigation of his background, and did not raise the *Atkins* issue in his previous state-court proceedings. Reply in Support of Motion for Stay and Abeyance (docket #44), pp. 4-5. The court finds that petitioner has shown that this claim is not plainly meritless, and that there is good cause, in the alleged failures of his prior counsel, for his failure to exhaust this claim.

Next, petitioner points to an apparently-unexhausted claim in ground 3 of his amended habeas petition, a challenge to one of the aggravating circumstances – the "felony murder aggravating circumstance" – found to justify his death penalty. *See* Motion for Stay and Abeyance, pp. 6-8. Petitioner states that this claim is based to some extent on the Nevada Supreme Court's September 20, 2007 decision in *Nay v. Nevada*, 167 P.3d 430 (Nev. 2007), in which the court held that a defendant may not be convicted of first-degree felony murder if the intent to commit the predicate enumerated felony arose after the conduct resulting in death. Analogizing to the *Nay* holding, petitioner contends that the felony murder aggravating circumstance may not be based on an "afterthought robbery." *See* Motion for Stay and Abeyance, p. 6. The court finds that this claim is not plainly meritless, and that, because it is based, partially at least, upon a 2007 Nevada Supreme Court case, petitioner has shown good cause for not raising it in his previous state-court proceedings.

Finally, petitioner points to the apparently-unexhausted claim in ground 10 of his amended petition. Motion for Stay and Abeyance, pp. 8-9. There, petitioner claims that a jury instruction given at his trial, regarding premeditation and deliberation, the so-called "Kazalyn

instruction," erroneously collapsed the elements of premeditation and deliberation into one, relieving the State of its burden of proving both of those elements. *Id*. Petitioner asserts that his challenge to the Kazalyn instruction is based on the Ninth Circuit Court of Appeals' September 11, 2007 decision in *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007) (Kazalyn instruction unconstitutionally relieved the State of its burden of proving every element of first degree murder beyond a reasonable doubt). Here too, the court finds that petitioner's claim is not plainly meritless, and that, because it is based, partially at least, upon a 2007 court of appeals case, petitioner has shown good cause for not raising it in his previous state-court proceedings.

The court also finds no indication in the record that petitioner has engaged in intentionally dilatory litigation tactics.

The court concludes, therefore, that petitioner meets the *Rhines* standards for a stay pending further state-court litigation. The court will grant petitioner's motion, and stay this action.

The court's intention is that this will be the last time that the court imposes a stay to facilitate petitioner's exhaustion of claims in state court. Petitioner must exhaust *all* of his unexhausted claims in state court during the stay of this action imposed pursuant to this order.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Stay and Abeyance (docket #37) is **GRANTED**. This action is **STAYED** to allow petitioner to exhaust, in state court, all his unexhausted claims for habeas corpus relief.

**IT IS FURTHER ORDERED** that petitioner shall have **45 days** from the date of entry of this order to commence an appropriate state-court proceeding. Petitioner's counsel shall seek appointment as counsel for petitioner in the state-court proceeding.

///
///
///
///
///

**IT IS FURTHER ORDERED** that, on or before **December 15, 2008**, petitioner shall file and serve a status report, describing the status of his state-court proceedings. Thereafter, during the stay of this action, petitioner shall file such a status report every 6 months (on or before June 15, 2009; December 15, 2009; June 15, 2010, etc.). Respondents may, if necessary, file and serve a response to any such status report within 15 days after its service. If necessary, petitioner may reply within 15 days of service of the response.

**IT IS FURTHER ORDERED** that following the conclusion of petitioner's state court proceedings, petitioner shall, within **30 days**, make a motion to lift the stay.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

**IT IS FURTHER ORDERED** that, absent extraordinary circumstances, this will be the final opportunity that this court provides to petitioner to return to state court to exhaust claims for habeas corpus relief.

DATED: October 17, 2008.

PHILIP M. PRO
United States District Judge