UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS WAYNE CRUMP,

    Petitioner,

vs.

TIMOTHY FILSON, *et al.*,

    Respondents.

    2:07-cv-00492-APG-CWH

**ORDER**

    This capital habeas corpus action was stayed on October 17, 2008, pending the petitioner's exhaustion of claims in state court. *See* Order entered October 17, 2008 (ECF No. 52).

    On January 11, 2017, petitioner filed a Motion to Temporarily Lift the Stay to Supplement the First Amended Petition (ECF No. 78), and a Motion to Continue the Stay (ECF No. 80). Respondents filed oppositions to both motions (ECF Nos. 82, 83), and petitioner filed replies (ECF No. 84, 85).

    In his motion to temporarily lift the stay to supplement his petition, petitioner requests leave of court to add to his petition a claim based on *Hurst v. Florida*, 136 S.Ct. 616 (2016). Petitioner filed the proposed additional claim in the form of a supplement to his petition (ECF No. 79). Petitioner states that the state-court habeas action that he initiated on September 10, 2008, was completed on December 16, 2016, when the Nevada Supreme Court issued its remittitur after affirming the dismissal of that action. *See* Motion to Continue the Stay (ECF No. 80), p. 2.

Petitioner states, further, that on January 6, 2017, he filed, in the state district court, a new petition for writ of habeas corpus, asserting a claim based on *Hurst*. *See id*. at 2; *see also* Exhibit 1 to Motion to Continue the Stay (ECF No. 81-1). Petitioner asks in his motion to continue the stay that the stay of this action remain in place pending the conclusion of his new state-court habeas action, in which he asserts the *Hurst* claim.

Respondents contend that petitioner has mischaracterized the addition of the *Hurst* claim as a supplement, rather than an amendment. *See* Fed. R. Civ. P. 15. For purposes of this motion, the distinction is immaterial. A petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2254 Cases (Rules of Civil Procedure apply to federal habeas proceedings "to the extent that they are not inconsistent."). Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

*Hurst* was decided January 12, 2016. Respondents do not show that petitioner's request to add a claim based on *Hurst* within the following year involves undue delay, bad faith, or dilatory motive, or that they would be unduly prejudiced by the addition of the claim. Furthermore, while there appear to be serious questions regarding the retroactivity of *Hurst*, and its application in this case, the court determines -- for purposes of the resolution of these motions only -- that there is no showing that addition of the *Hurst* claim would be futile. "[P]roposed amendments [are futile when

they] are either duplicative of existing claims or patently frivolous." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014), quoting *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). The Court will, therefore, grant petitioner's motion to temporarily lift the stay to supplement his petition.

Petitioner requests waiver of the requirements of LR 15-1, which generally requires that a complete proposed amended petition be attached to a motion to amend, and that, after a motion to amend is granted, the petitioner is to file the complete amended petition. Under the circumstances here, in the interests of judicial economy and conserving the parties' resources, the Court will waive the requirements of Local Rule 15-1. After the completion of his pending state-court proceedings, and if and when the stay of this action is permanently lifted, the Court will require petitioner to file an amended habeas petition, including the new claim.

The Court will also grant petitioner's motion to continue the stay that is currently in place in this action. When this action was stayed, the Court stated:

> The court's intention is that this will be the last time that the court imposes a stay to facilitate petitioner's exhaustion of claims in state court. Petitioner must exhaust *all* of his unexhausted claims in state court during the stay of this action imposed pursuant to this order.

Order entered October 17, 2008 (ECF No. 52), p. 6 (emphasis in original). Under the circumstances, with the case stayed for exhaustion of all petitioner's claims in state court, with petitioner's new state habeas action asserting a *Hurst* claim under way, and in the interests of federal-state comity, judicial economy, and conservation of the parties' resources, the Court determines that the better approach is to leave the stay of this action in place pending the completion of the state-court action initiated by petitioner on January 6, 2017. The Court will, therefore, exercise its discretion to continue the stay.

Nothing in this order will have any bearing on any other procedural issue in this case; nor will any aspect of this order have any bearing on the Court's consideration of the merits of petitioner's new claim in any other context.

1      **IT IS THEREFORE HEREBY ORDERED** that petitioner's Motion to Temporarily Lift
2 the Stay to Supplement the First Amended Petition (ECF No. 78) is **GRANTED**.

3      **IT IS FURTHER ORDERED** that petitioner is granted leave of court to add to his habeas
4 corpus petition in this action the claim set forth in his Supplement to First Amended Petition for
5 Writ of Habeas Corpus (ECF No. 79). That claim will be considered added to the habeas corpus
6 petition in this action. The Court will not, at this time, require petitioner to file an amended habeas
7 petition, including his new claim. After completion of his state-court proceedings, and if and when
8 the stay of this action is permanently lifted, the Court will require petitioner to file an amended
9 habeas petition including this new claim.

10      **IT IS FURTHER ORDERED** that petitioner's Motion to Continue the Stay (ECF No. 80)
11 is **GRANTED**. The stay of this action imposed in the order entered October 17, 2008 (ECF No. 52)
12 shall remain in place. Petitioner shall continue to file status reports, and shall move to lift the stay
13 upon the completion of his state-court proceedings, as directed in the order entered October 17, 2008
14 (ECF No. 52).

15      **IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the
16 Clerk of the Court shall, on the docket for this case, substitute Timothy Filson for Renee Baker as
17 the respondent warden, and Adam Paul Laxalt for Catherine Cortez Masto as the respondent
18 Attorney General of the State of Nevada, and shall update the caption of the action to reflect these
19 changes.

20      Dated: March 23, 2017.

                                                              UNITED STATES DISTRICT JUDGE